**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 97-10461
Summary Calendar**
_____

**LARRY ALTON YORK,**

**Plaintiff-Appellant,**

**versus**

**KENNETH S. APFEL, Commissioner of Social Security**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 4:95-CV-896-Y)**
_____

December 23, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Larry Alton York appeals the district court's grant of summary judgment to the Social Security Commissioner regarding the Commissioner's denial of York's Title II benefits. York was awarded a closed period of disability benefits from 1978 until 1981. York filed his current application for disability benefits in 1992, alleging that he had been disabled from 1981, when his

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

closed period of benefits terminated, until 1985, when he last met the earnings requirements under the Social Security Act.

A district court's grant of summary judgment is reviewed *de novo*; but concerning social security benefits, "our review is limited to two inquiries: (1) whether there is substantial evidence in the [administrative] record to support the decision; and (2) whether the [Commissioner's] decision comports with relevant legal standards". **Brock v. Chater**, 84 F.3d 726, 727-28 (5th Cir. 1996).

Needless to say, we have jurisdiction to review the Commissioner's final decision only when the claimant has exhausted his administrative remedies. *E.g.,* **Paul v. Shalala**, 29 F.3d 208, 210 (5th Cir. 1994). The district court adopted the magistrate judge's finding that York had failed to exhaust relating to his claims that the ALJ failed to (1) articulate the standard used in determining the severity of York's alleged ailment; (2) conduct a "full and fair" inquiry; and (3) execute a psychiatric review technique form.

In his objections to the magistrate judge's report and recommendation, York contended that his failure to raise these claims in the Appeals Council were the result of ineffective assistance of counsel and should be excused "to prevent a miscarriage of justice". *See* **Id.** (quoting **In re Corrugated Container Antitrust Litig.**, 647 F.2d 460, 461 (5th Cir. 1981). But, on appeal, York has failed to challenge the district court's

ruling *vis-a-vis* his failure to exhaust and has thereby abandoned any argument that he exhausted his remedies or that he should be excused from the exhaustion requirement with respect to these claims. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

York contends that the ALJ erred by failing to determine whether he met the listing for depression. York failed to raise this issue before the Appeals Council, at least to the extent that he now claims that his disability is depression rather than neuromyasthenia. Finally, York contends that the ALJ erred by failing to follow the Program Operations Manual System (POMS). This issue was also not raised before the Appeals Council. Therefore, although the district court addressed the merits, it lacked jurisdiction over these claims as well. *Paul*, 29 F.3d at 210.

To the extent that any arguments raised in York's appeal remain, the Commissioner's decision is affirmed for the same reasons adopted by the district court. *York v. Callahan*, No. 4:95-CV-896-Y (N.D. Tex. Feb. 21, 1997).

**AFFIRMED**